CINCINNATI TRACTION COMPANY V. FORREST.*

1. Where the evidence was conflicting as to whether or not plaintiff, who was a passenger on an interurban railway car, stepped off the car before it came to a stop, and thereby contributed to her injury, a finding by the jury in favor of plaintiff will not be disturbed.
2. Where, in an action by a passenger against an interurban railway

---

(*This case was reversed in 74 O St ——, but upon grounds not herein referred to, thereby inferentially approving the above)

company, the evidence of plaintiff shows that the car had stopped in response to her signal, and, while she was in the act of alighting, she was violently thrown to the ground by the negligent starting of the car; and there was also conflicting evidence tending to show that she stepped off before the car had come to a stop, which was claimed by defendant as showing contributory negligence *per se;* a charge to the jury, in such case that if they found from the evidence that plaintiff, on her own motion, had stepped off the car while it was moving so fast as to render such act dangerous, she was not exercising ordinary care and could not recover, is not erroneous.

Error to special term.

Hosea, J.; Hoffheimer and Caldwell, JJ., concur.

The plaintiff below based her right to recover upon the alleged fact that the car had stopped in response to her signal, and, while she was in the act of alighting, she was violently thrown to the ground by the negligent starting of the car, and offered evidence to this effect.

There was also conflicting evidence tending to show that she stepped off before the car had come to a stop, and it is claimed in argument, that this fact, assumed to be established by the weight of evidence, constituted negligence *per se,* and bars recovery.

Upon this theory, the plaintiff in error complains of the following charge, as prejudicial error:

" * * * and if the jury should find from the testimony in this case, that, on her own motion, the plaintiff stepped off the car while it was moving so fast as to render that act dangerous, the plaintiff was not exercising ordinary care, and, contributing thus to the injury, can not recover.

So far as concerns this charge, *per se* we think it does not involve error, upon the authorities cited by counsel, and under the principle announced by our Supreme Court in *Ashtabula Rapid Transit Co.* v. *Holmes,* 67 Ohio St., 153, 155 (65 N. E. Rep., 877).

Had the verdict necessarily involved a finding of the facts, as claimed by the plaintiff in error, the pleadings could

have been amended to correspond, but the verdict is entirely consistent with the facts as claimed by defendant in error. The evidence being conflicting, it was entirely within the province of the jury to determine which version they should adopt.

From an examination of the record, we find no error prejudicial to the defendant below, and consequently the judgment must be affirmed; and it is so ordered.

*Kittredge & Wilby,* for plaintiff.
*C. W. Baker,* for defendant in error.